JONES, Chief Justice,
dissenting:
¶40 I respectfully dissent. In my view, the Ring II mandate is clear that this court, by reason of the Sixth Amendment, is not free to affirm as harmless error a determination made solely by the trial judge that sentencing aggravators call for the death penalty. See Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002) (Ring II).
¶ 41 The Supreme Court, in Apprendi v. New Jersey, a non-capital case, observed that an enhancement factor capable of increasing a defendant’s sentence beyond the maximum permitted under the jury verdict operates as “the functional equivalent of an element of a greater offense.” 530 U.S. 466, 494, n. 19, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The Court held that the sentence enhancement violated Apprendi’s right to a jury determination on whether he was guilty of every element of the crime with which he was charged, beyond a reasonable doubt. Thus, where the enhancement factor was determined solely and uniquely by the trial judge, the Court held a Sixth Amendment violation had occurred.
*242 ¶ 42 The principle was extended to capital cases in Ring II in which the Supreme Court stated “[bjecause Arizona’s enumerated aggravating factors operate as ‘the functional equivalent of an element of a greater offense,’ the Sixth Amendment requires that they be found by a jury.” Ring II, 536 U.S. at 609, 122 S.Ct. at 2443 (citation omitted).
¶ 43 Ring II thus instructs that under the Sixth Amendment a jury must determine an aggravator which exposes a defendant in a capital case to a penalty exceeding the maximum he would receive if punished according to the facts reflected in the jury verdict alone.
¶ 44 Today the majority concludes, notwithstanding Apprendi/Ring, that factual findings by the judge alone on capital aggravators may nevertheless be allowed to stand on the basis that the constitutional violation is harmless. I disagree. The right to jury trial under the Sixth Amendment is fundamental, and because total jury deprivation occurred in the phase of Sansing’s trial that resulted in the capital sentence, the error cannot be deemed harmless. Error of such magnitude undermines the very structure of the process. In light of Ring II, I do not believe this court is authorized to speculate on what a jury might have done. We cannot, with propriety, substitute our judgment on factual issues so critical to a defendant facing a possible death sentence.
¶45 Nor can I accept the premise, advanced by the State, that the instant case is controlled or influenced by Neder v. United States, 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999). Neder is a different case. There, the error stemmed from a jury instruction that failed to provide direction on a prosecutorial issue in the government’s substantive case. But evidence against Neder had been properly introduced on the issue in question, and the jury did deliberate and reach a verdict that necessarily included resolution of that issue. Moreover, the issue appears to have been uneontested. Accordingly, the Supreme Court found error, but reviewed it under a harmless standard. The error was viewed and treated as inconsequential because the jury heard all the evidence and its determinations were predicated on a completed record. Conversely, in the instant case, the jury neither heard the evidence in support of the aggravating factors nor did the jury deliberate thereon or make the ultimate factual determination that resulted in the defendant’s capital sentence.
¶ 46 I would remand the case for jury resentencing, strictly on the basis of the Sixth Amendment violation. See also State v. Ring, 204 Ariz. 534, 565-67, ¶¶ 105-14, 65 P.3d 915, 946-48 (2003) (Feldman, J., concurring in part, dissenting in part) (Ring III).